UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PHILLIP WAYNE ACRES,

    Plaintiff,

vs.                                                      Case No:  3:13-cv-219-J-MCR

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss (Doc. 12) filed July 19, 2013. Plaintiff filed a response in opposition to this Motion (Doc. 20) on August 20, 2013. After being directed to do so by the Court, Defendant filed a reply (Doc. 22) on August 23, 2013. Accordingly, the matter is now ripe for judicial review.

### I.    BACKGROUND

On February 28, 2013, Plaintiff, through his attorney, Jenna Dean Lopes, filed a Complaint (Doc. 1) seeking review of Defendant's, the Commissioner of Social Security's, denial of his application for supplemental security income disability benefits. On July 19, 2013, Defendant filed the instant Motion to Dismiss (Doc. 12) asking the Court dismiss the Complaint as untimely.

### II.    FACTS

In the present case, Plaintiff stipulated to the following facts as set forth in Defendant's Motion. In a notice dated May 27, 2011, the Appeals Council informed Plaintiff that it had denied his request for review of the Administrative Law Judge's

decision denying Plaintiff's request for benefits. In its notice, the Appeals Council explained that Plaintiff had sixty (60) days from the date of receiving the notice to file a civil action, and that Plaintiff was assumed to have received the notice within 5 days of its date. Plaintiff's attorney subsequently requested an extension of time in which to file a complaint. The Appeals Council granted the request, and on January 7, 2013, sent Plaintiff's counsel a letter (with a copy sent to Plaintiff at the Apalachee Correctional Facility) informing counsel that she had an additional thirty (30) days from the date she received the letter in which to file Plaintiff's complaint. Again, the letter informed counsel that the Appeals Council would assume she received the letter five (5) days after the date on the letter "unless you show us that you did not receive it within the 5-day period." (Doc. 12, Ex. 3). Plaintiff waited until February 28, 2013 to file his Complaint.

While Plaintiff stipulates to these facts, he argues that he did not receive the letter from the Appeals Council granting his extension until January 30, 2013, after he was released from prison and returned to his home. (Doc. 20, pp. 1-2). However, Plaintiff admits that his attorney received the letter on January 11, 2013. (Doc. 20, p.1).

### III.   ANALYSIS

42 U.S.C. § 405(g) allows claimants to seek review of any "final decision of the Commissioner of Social Security made after a hearing" by filing a complaint with the district court "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." A decision is final when the Appeals Council either grants review and issues a decision or denies review. See 20 C.F.R. § 416.1400(a)(5); Sims v. Apfel, 530 U.S. 103, 106-07, 120 S.Ct.

2080 (2000). Further, 20 C.F.R. § 416.1401 provides that the "*[d]ate you receive notice* means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period." (italics in original).

The issue to be determined in the instant case is the date Plaintiff was notified of the granted extension of time. It is undisputed that the letter from the Appeals Council granting Plaintiff an additional thirty days to file his complaint was dated January 7, 2013. Therefore, if the presumed receipt date of January 12, 2013 is utilized, Plaintiff should have filed his complaint on or before February 11, 2013. Plaintiff argues that he did not receive the letter while incarcerated and it was not until January 30, 2013, when he returned to his home, that he received the letter.

The Court notes several problems with Plaintiff's contentions. First, Plaintiff has taken different positions as to when he actually received notice of the extension. In his Complaint , Plaintiff stated he received the letter on January 24, 2013. (Doc. 1, ¶3). However, in his response to the Motion to Dismiss (Doc. 20), Plaintiff now asserts he did not receive the letter until January 30, 2013. Furthermore, "[c]ourts have repeatedly concluded that a bald denial of timely receipt by the plaintiff and/or her attorney, even if made under oath, is insufficient to constitute a 'reasonable showing.'" <u>Pettway ex. rel. Pettway v. Barnhart</u>, 233 F.Supp.2d 1354, 1356-57 (S.D. Ala. 2002). Instead, "[i]n every known case in which a reasonable showing of delayed or failed receipt has been judicially acknowledged, the plaintiff offered evidence corroborating his or her denial of timely receipt." <u>Id.</u>

In the instant case, Plaintiff offers neither a sworn statement nor any corroborating evidence. Accordingly, Plaintiff has failed to make a reasonable showing

sufficient to overcome the presumption that he received the letter from the Appeals Council on January 12, 2013.  See Johnson v. Astrue, 8:07-CV-1614-T-30EAJ, 2008 WL 435180, *4 (M.D. Fla. Feb. 14, 2008) (dismissing the plaintiff's complaint as untimely and finding "in the absence of a sworn statement by Plaintiff and evidence corroborating his testimony about the receipt date, the court must find that Plaintiff received the Appeals Council's notice within the presumptive five-day period after denial").

Even if the Court were to assume Plaintiff could sufficiently rebut the presumption, the Court would still be compelled to grant the Motion to Dismiss.  Plaintiff admits that his attorney received the letter from the Appeals Council on January 11, 2013.  (Doc. 20, p.1).  In Roberts v. Shalala, 848 F. Supp. 1008, 1013 (M.D. Ga. 1994), the court found that providing notice to a claimant's representative was "on equal footing with notice sent to the claimant" for purposes of calculating the date by which a complaint must be filed.  Accordingly, the court held that "[i]n those cases in which a representative has been designated by a claimant according to the regulations, this court would begin the sixty day period for filing an appeal from the date of notification of the *representative*, whether it be the presumed date of notification or the actual date established by reasonable evidence."  Id. at 1015. (emphasis in original).

Here, Plaintiff admits that his attorney actually received the Appeals Council letter on January 11, 2013.  As such, the thirty day period for the extension began to run on January 11, 2013.  Thirty days from January 11, 2013 would be February 11, 2013. Plaintiff did not file his complaint until February 28, 2013.  Therefore, the Complaint is untimely and Defendant's Motion to Dismiss is due to be granted.  See Rosa v. Comm'r

of Soc. Sec., No. 6:11-cv-1864, 2012 WL 2680810 (M.D. Fla. June 18, 2012) (dismissing case where pro se plaintiff failed to file complaint within sixty days of presumptive date her representative at the administrative level received notice of Appeals Council action).

Accordingly, after due consideration, it is

**ORDERED:**

The Defendant's Motion to Dismiss (Doc. 12) is **GRANTED**. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Jacksonville, Florida this __4th__ day of September, 2013.

                                            MONTE C. RICHARDSON
                                            UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record